**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**LISA ELAINE TAYLOR,**

       **Petitioner,**

                                   **Case No. 04-73597**

**v.**

                                   **HONORABLE DENISE PAGE HOOD**

**CLARICE STOVALL,**

       **Respondent.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated December 7, 2005. As of this date, neither party has filed objections. Magistrate Judge Komives concluded that the Court should deny petitioner's application for writ of habeas corpus.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

Petitioner asserts that she is entitled to specific performance of her plea agreement. Petitioner maintains that she and the prosecutor entered into a plea agreement in which she promised to plead guilty to armed robbery and felonious assault and the prosecutor agreed that her sentencing guideline range would be between 81 and 126 months' imprisonment. The agreement was breached, according to Petitioner, when the trial court sentenced her at a higher guideline range of between 135 and 210 months' imprisonment.

Petitioner is incorrect that she is entitled to specific performance of being sentenced within the lesser sentencing range because the lesser guideline range was not part of the plea agreement.

In the agreement, the prosecutor promised to neither seek an enhanced sentence based upon Petitioner's habitual offender status, or to request that the trial court exceed the applicable guideline range.  The prosecutor's promises in regard to the plea agreement were fulfilled.  While it is true that both defense counsel and the prosecutor stated on the record before Petitioner took the plea, that they "believed" the applicable range would be somewhere between 80 and 135 months, the trial court also informed Petitioner of the possible maximum sentences on both the armed robbery and assault charges.  Neither the prosecutor nor defense counsel made any promises as to what the actual guideline range would be.  This case is factually similar to *United States v. Ray*, 54 Fed. Appx. 621 (6th Cir. 2002), where the Sixth Circuit upheld a defendant's conviction and sentence based upon the following: (1) The plea agreement did not include a set guideline range, (2) the presentence investigation report included crimes that the parties were unaware of at the time of the plea, (3) and the trial court apprised the defendant of the maximum possible sentence.  Petitioner is not entitled to habeas relief on the claim contained in her petition.

    Accordingly,

    IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives dated December 7, 2005 is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

    IT IS ORDERED that the petition for writ of habeas corpus [**Docket No. 2, filed December 3, 2004**] is DENIED and the case is DISMISSED WITH PREJUDICE.

                                       /s/ Denise Page Hood
                                       DENISE PAGE HOOD
Dated:                                  United States District Judge